**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| N.F., AS PARENT AND NEXT FRIEND OF M.F., A MINOR, ) ) ) Plaintiff, ) ) vs. ) ) BOARD OF EDUCATION OF THE CITY ) OF CHICAGO AND DANIEL R. ERRICO, ) ) Defendants. ) | No.: *Plaintiff demand trial by jury* |

**COMPLAINT AT LAW**

Plaintiff, N.F, as Parent and Next Friend of M.F., a Minor, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of the Defendants, BOARD OF EDUCATION OF THE CITY OF CHICAGO and DANIEL R. ERRICO, state as follows:

**INTRODUCTION**

1. Plaintiff brings this matter to redress the sexual abuse and discrimination occurring by Defendants Board of Education of the City of Chicago ("Board") and Daniel R. Errico ("Errico")(collectively referred herein as "Defendants"). Plaintiff brings this matter seeking damages for the various violations of the laws of the United States and State of Illinois arising from Defendants' acts and omissions resulting in harm to M.F.

**JURISDICTION AND VENUE**

2. This case is brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, to redress the sex discrimination against Plaintiff (Count I); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Count II); Title II of the ADA, 42 U.S.C. § 12132 (Count

1

III); 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution (Counts IV-VI), and various state law claims (Counts VII-IX).

3. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

4. On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

## PARTIES

5. M.F. is the mother of N.F. She is and was a citizen of the United States and citizen of the State of Illinois.

6. N.F., a minor, is a citizen of the United States and citizen of the State of Illinois.

7. Defendant Board is a body politic and corporate under the laws of the State of Illinois. Defendant Board maintains offices at 42 W. Madison Street, Chicago, Illinois.

8. Defendant Board is and was responsible for the governance, organizational, and financial oversight of the staff and administration of Chicago Public Schools ("CPS"), the third largest school district in the United States of America. Defendant Board, acting through its agents, servants, and/or employees, is engaged in, among other things, the provision of education, care, and development services. Defendant Board is responsible for its own acts or omissions and the conduct of its employees and/or agents under *respondeat superior*.

9. Defendant Errico is and/or was an employee of Defendant Board. At all times relevant herein, Defendant Errico worked as a Special Education Teacher at Foster Park Fine and

Performing Arts Magnet Cluster Elementary School located at 8530 South Wood, City of Chicago, County of Cook, State of Illinois.

10. At the time of the incident in this complaint, Defendant Errico was engaged in the complained of conduct while acting within the scope of his employment and under color of state law. Defendant Errico is sued in his individual capacity and as agent and/or employee of Defendant Board.

## FACTS COMMON TO ALL COUNTS

11. At all relevant times herein, Foster Park Fine and Performing Arts Magnet Cluster Elementary School ("Foster Park School") provided instructional programing for students with specialized educational, physical, and emotional needs.

12. At all relevant times herein, M.F. attended Foster Park School as a student.

13. At all relevant times herein, Defendant Board owned, operated, managed, maintained, and controlled Foster Park School and the employees and/or agents therein.

14. At all relevant times herein, M.F. had an individualized educational plan ("IEP"), which addressed M.F.'s various intellectual and cognitive disabilities.

15. At all relevant times herein, Defendant Errico was employed by the Board.

16. At all relevant times herein, Defendant Errico worked at Foster Park School in the capacity of Special Education Teacher where he was required to provide M.F. educational instruction.

17. On May 23, 2018, Defendant Errico was in a copy/printing room with M.F. when Defendant Errico made sexual contact with M.F. by fondling her breasts in exchange for snacks from the vending machines.

3

18. When M.F. told Defendant Errico to stop touching her, Defendant Errico threatened M.F. with consequences.

19. At all relevant times herein, Foster Park School had a video surveillance system in place, but this system was inoperable and not functioning during the dates and times of M.F.'s abuse.

20. Earlier in the 2017-2018 school year, Defendant Errico had been accused of sexual abuse of another student where he was allegedly observed by staff putting his hands between a student's legs and engaging in other inappropriate conduct.

21. Despite this prior conduct, Defendant Errico was not reported to the Department of Children and Family Services ("DCFS") by any employee and/or agent of the Board for this earlier incident.

22. At all relevant times herein, there was in effect a certain statute, 105 ILCS 5/1, *et seq.*, commonly known as the Illinois School Code.

23. At all relevant times herein, Defendant Board, by and through their agents and/or employees, had a duty to abide by the policies set forth in the Illinois School Code.

24. At all relevant times herein, there was in effect a certain statute, 325 ILCS 5/1, *et seq.*, Commonly known as the Abused or Neglected Child Reporting Act.

25. At all relevant times herein, Defendant Board's employees and/or agents had a duty to abide by the policy set forth in the Abused or Neglected Child Reporting Act.

26. At all relevant times herein, Defendant Board's employees and/or agents were mandated reporters as defined in the Abused or Neglected Child Reporting Act.

27. Under 325 ILCS 5/4, the Abused or Neglected Child Reporting Act provides that school personnel having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child shall immediately report or cause a report to be made to DCFS.

28. Under 89 Ill. Adm. Code § 300 app. B. at 8, sexual exploitation is a Priority I harm which generates the initiation of an immediate investigation by DCFS.

29. As a result of this mandated reporting proscribed by law, Defendant Board's employees and/or agents were divested of the exercise of discretion and the determination of policy based on the failure to report.

30. At all relevant times herein, Defendant Board defined all school-based personnel as mandated reporters and, where reasonable cause to believe the child known to him or her in their official capacity may have been abused or neglected children, they are required to immediately call the DCFS Hotline.

31. Defendant Board knew or should have known that its agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on mandated reporting, but the Board was deliberately indifferent to provide adequate training on mandated reporting.

32. At all relevant times herein, Defendant Board required all agents, servants, and/or employees and other school-based personnel to pass a background checks, screening, and reference checks. Defendant Board, acting with deliberate indifference to safety of the students, deliberately disregarded these screening requirements and allowed persons not fulfilling these screening requirements to have exposure to children.

33. At all relevant times herein, Board adopted its Comprehensive Non-Discrimination Title IX and Sexual Harassment Policy, Section 102.8, 16-0525-PO1, which prohibited any type of inappropriate physical contact with students or any other conduct that might be considered discrimination or harassment.

34. At all relevant times herein, Board adopted "Guidelines Regarding Maintaining Professional Staff/Student Boundaries" which established guidelines regarding maintaining professional staff and student boundaries in order to protect students from sexual misconduct and abuse and these guidelines applied to all staff members including teachers, coaches, counselors, administrators, volunteers, and other third parties interact with students.

35. According to these guidelines, any personal contact between students and staff members must always be appropriate to the circumstances, nonsexual, and unambiguous in meaning and in line with the educational mission of the district. Any violations of these guidelines were to be reported.

36. Further, these guidelines prohibited staff being alone with an individual student out of the view of others, unless indicated on a student's individualized education plan ("IEP"), 504 plans, or required service.

37. On August 16, 2018, the Preliminary Report, "Preventing and Responding to Sexual Misconduct against Student in Chicago Public Schools" was released.

38. According to this Report, the investigative team found "systematic deficiencies in CPS' efforts to prevent and respond to incidents of sexual misconduct" occurring at all levels of the schools, the networks, the Central Office, and the Board, and that, "[w]hile there were policies and procedures about sexual misconduct on the books, employees were not consistently

trained on them, and there were no mechanisms to ensure that they were being uniformly implemented or to evaluate their effectiveness." *Id.*

39. Despite the foregoing policies regarding sexual discrimination and student-staff boundaries, Defendant Board acted, as a matter of custom, policy, or widespread practice, in a manner that was deliberately indifferent to the plainly obvious risk of sexual misconduct to its students by its lack of training and enforcement on policies intended to prevent sexual harassment or discrimination. Consequently, this deliberate indifference to the training and enforcement of these policies allowed sexual predators to act without fear of punishment for sexual misconduct and created an unsafe environment for victims of sexual abuse.

40. As a result of the Board's continuing, widespread, persistent pattern of unconstitutional misconduct by its employees; the deliberate indifference to or tacit authorization of such conduct by the Board's policymaking officials after notice of the misconduct; and/or the Board's custom of failing to report incidents of sexual abuse, M.F. was sexually abused.

**COUNT I**
**TITLE IX OF THE EDUCATION AMENDMENTS OF 1972**
**BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")**

41. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 40 as paragraph 41 herein.

42. Title IX of the Education Amendments of 1972 ("Title IX") states that:

No person in the United States shall, on the basis of sex, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681, et seq.

43. Plaintiff M.F. belongs to a protected group under Title IX.

7

44. Defendant Board provides educational institutions with programs and activities and is a recipient of federal funds for educational programs and activities as defined under Title IX.

45. As described more fully above, M.F. was subjected to discrimination and harassment by Defendant Errico.

46. The discrimination and harassment suffered by M.F. was based on sex as described above.

47. Defendant Board permitted M.F. to be discriminated against and harassed based on membership in a certain class of individuals.

48. Defendant Board treated M.F. differently than other similarly-situated individuals not belonging to the class of M.F.

49. The discrimination and harassment were so severe and pervasive that it altered the conditions of M.F.'s education.

50. Defendant Board had actual direct notice of Defendant Errico's misconduct but were deliberately indifferent to his misconduct.

51. Defendant Board had knowledge of Defendant Errico's misconduct with authority to institute corrective measures but failed to do so.

52. As a direct and proximate result of the conduct of the Board, Plaintiff M.F. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

    a. Compensatory damages in an amount to be determined at trial;

    b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.     Such other relief as the Court may deem just or equitable.

## COUNT II
## SECTION 504 OF THE REHABILITATION ACT
## BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")

53.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 52 as paragraph 53 herein.

54.    Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…

29 U.S.C. § 794(a).

55.    Defendant Board provides programs or activities within the meaning of the Rehabilitation Act.

56.    Defendant Board receives state and federal financial assistance.

57.    M.F. is a qualified individual with a disability as defined by the Rehabilitation Act.

58.    M.F. was discriminated against by Defendant Board by reason of her disability.

59.    As described more fully above, M.F. was subjected to discrimination and harassment by Defendant Errico based on her disability as described above.

60.    Defendant Board, by and through its agents and/or employees, treated M.F. differently than other similarly-situated individuals not belonging to the class of M.F.

61.    The discrimination and harassment were so severe and pervasive that it altered the conditions of M.F.'s education.

62. Defendant Board had actual direct notice of Defendant Errico's misconduct but was deliberately indifferent to his misconduct.

63. Defendant Board had knowledge of Defendant Errico's misconduct with authority to institute corrective measures but failed to do so.

64. As a result of the Board's actions and inactions described above, M.F. was subject to discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

65. As a direct and proximate result of the foregoing acts or omissions, M.F. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

## COUNT III
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT
## BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")

66. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 65 as paragraph 66 herein.

67. Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

68. Defendant Board is a public entity as that term is defined in 42 U.S.C. § 12132.

69. M.F. is a qualified individual with disabilities as defined by the ADA.

70. M.F. has been intentionally discriminated against where she was excluded from, and denied the benefits of, an activity directed, controlled, and overseen by Defendant Board, in violation of Title II of the ADA, 42 U.S.C. § 12132.

71. As described more fully above, M.F. was subjected to discrimination and harassment based on her disability as described above.

72. Defendant Board treated M.F. differently than other similarly-situated individuals not belonging to the class of M.F.

73. The discrimination and harassment were so severe and pervasive that it altered the conditions of M.F.'s education.

74. Defendant Board had actual direct notice of Defendant Errico's misconduct but was deliberately indifferent to his misconduct.

75. Defendant Board had knowledge of Defendant Errico's misconduct with authority to institute corrective measures but failed to do so.

76. Defendant, by virtue of the conduct described herein, discriminated against M.F. because of her disabilities in violation of Title II of the ADA, 42 U.S.C. § 12132.

77. As a direct and proximate result of the foregoing acts or omissions, M.F. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

    a. Compensatory damages in an amount to be determined at trial;

    b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

    c. Such other relief as the Court may deem just or equitable.

## COUNT IV
## 42 U.S.C. § 1983 – EQUAL PROTECTION
## DANIEL R. ERRICO

78. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 77 as paragraph 78 as if restated herein.

79. Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff M.F. is entitled to equal treatment under the laws.

80. As described above and pleading in the alternative, Defendant Errico abused, harassed, and otherwise discriminated against M.F. based on sex and/or disability in violation of his constitutional rights under the Fourteenth Amendment to the U.S. Constitution.

81. Defendant Errico victimized M.F. based on his membership in a certain class of individuals.

82. Defendant Errico treated M.F. differently than other similarly-situated individuals not belonging to the class of M.F.

83. The differential treatment of M.F. was intentional and arbitrary, motivated by nefarious and discriminatory purposes, and was not rationally-related to any governmental interest.

84. The acts of Defendant Errico were objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others, including M.F.

85. As a direct and proximate result of the foregoing conduct of Defendant Errico, Plaintiff M.F. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

    a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

## COUNT V
## 42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE
## <u>DANIEL R. ERRICO</u>

86. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 40 as paragraph 86 as if restated herein.

87. Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff M.F. is entitled to freedom from unreasonable searches and seizures.

88. At all times relevant herein, Defendant Errico acted under color of law.

89. Based on Defendant Errico's conduct discussed more fully above, Defendant Errico unreasonably searched and seized M.F. in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

90. The misconduct described in this Count is not rooted in any form of discrimination including sex or disability.

91. The acts of Defendant Errico were objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others.

92. As a direct and proximate result of the foregoing conduct of Defendant Errico, Plaintiff M.F. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable

## COUNT VI
## 42 U.S.C. § 1983 – DUE PROCESS VIOLATION
## <u>DANIEL R. ERRICO</u>

93. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 40 as paragraph 93 as if restated herein.

94. Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff M.F. possesses a right to bodily integrity.

95. Based on Defendant Errico's conduct of improperly touching M.F.'s breasts as more fully stated above, Defendant Errico denied M.F. due process under the law as protected by the Fourteenth Amendment to the U.S. Constitution.

96. Defendant Errico's conduct of improperly touching M.F.'s breasts unlawfully denied M.F. due process of law in a manner that shocks the conscience.

97. At all times relevant herein, Defendant Errico acted under color of law.

98. The misconduct described in this Count is not rooted in any form of discrimination including sex or disability.

99. As a direct and proximate result of the foregoing conduct of Defendant Errico, Plaintiff M.F. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

    a. Compensatory and punitive damages in an amount to be determined at trial;

    b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

    c. Such other relief as the Court may deem just or equitable.

**COUNT VII**
**NEGLIGENCE**
**BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD")**

100. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 99 as paragraph 100 herein.

101. Defendant Board, by and through its agents and/or employees, knew or should have known that Defendant Errico's conduct of touching Plaintiff M.F.'s breasts was improper.

102. Defendant Board, by and through its agents and/or employees, owed a duty to M.F. to report Defendant Errico's conduct to law enforcement or DCFS.

103. Defendant Board, by and through its agents and/or employees, was negligent in the following ways:

    a. Failed to report improper touching to appropriate law enforcement or DCFS as required by state law;

    b. Failed to prevent the improper touching of Plaintiff M.F. by Defendant Errico;

    c. Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse;

    d. Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to be aware of the care and treatment needed for each student, including Plaintiff M.F.; and

    e. Failed to adequately conduct reference checks, background checks, or employment screening of agents, servants, and/or employees.

104. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Defendant Board breached its duty and caused harm to Plaintiff M.F.

WHEREFORE, Plaintiff respectfully requests:

    a. Compensatory damages in an amount to be determined at trial;

    b.    An award of reasonable costs and litigation expenses; and

    c.    Such other relief as the Court may deem just or equitable.

## COUNT VIII
## WILLFUL AND WANTON CONDUCT
## BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD")

105. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 104 as paragraph 105 herein.

106. Defendant Board, by and through its agents and/or employees, with notice of a substantial danger of harm, knew that Defendant Errico's conduct of touching Plaintiff M.F.'s breasts was improper.

107. Defendant Board, by and through its agents and/or employees, had a duty to notify law enforcement or DCFS of Defendant Errico's conduct against Plaintiff M.F.

108. Defendant Board, by and through its agents and/or employees, breached said duty where it failed to report Defendant Errico's conduct to law enforcement or DCFS despite notice of a substantial danger of harm to M.F.

109. Defendant Board, by and through its agents and/or employees, was willful and wanton in the following ways:

    a.    Failed to report improper touching to appropriate law enforcement or DCFS as required by state law with utter indifference to or in conscious disregard for the safety of others;

    b.    Failed to prevent the improper touching of Plaintiff M.F. by Defendant Errico with utter indifference to or in conscious disregard for the safety of others;

    c.    Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse with utter indifference to or in conscious disregard for the safety of others;

    d.    Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to be aware of the care and treatment needed for each student, including Plaintiff M.F., with utter indifference to or in conscious disregard for the safety of others; and

    e.    Failed to adequately conduct reference checks, background checks, or employment screening of agents, servants, and/or employees with utter indifference to or in conscious disregard for the safety of others.

110.    Defendant Board's conduct was with reckless indifference or conscious disregard to the safety of M.F. with utter indifference to or in conscious disregard for the safety of others.

111.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions, Defendant Board caused harm to Plaintiff M.F.

WHEREFORE, Plaintiff respectfully requests:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    An award of reasonable costs and litigation expenses; and

    c.    Such other relief as the Court may deem just or equitable.

## COUNT IX
## BATTERY
## BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD") AND DANIEL R. ERRICO

112.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 111 as paragraph 112 herein.

113.    Defendant Board, by and through its agent and/or employee Defendant Errico, unlawfully touched the breasts of M.F. without consent of M.F.

114.    Defendants' touching was of an insulting or provoking nature.

115.    As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff M.F. sustained injuries.

WHEREFORE, Plaintiff respectfully requests:

    a.    Compensatory damages and punitive damages, if available, in an amount to be determined at trial;

    b.    An award of reasonable costs and litigation expenses; and

    c.    Such other relief as the Court may deem just or equitable.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

                                              Respectfully submitted,

                                              /s/ James C. Pullos
                                              James C. Pullos

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3100
Chicago, IL 60602
(312)899-9090
jcp@cliffordlaw.com
*Attorneys for Plaintiff*